Sedgwick,
As to the defense of the statute,
J. of limitations, I am inclined to think that it is equivalent to a general averment that the supposed cause of action did not accrue within six years before the commencement of the action. Of course, this defense is not demurrable, but I understand that the case is presented as if the plaintiff, making no objection to the answer pleading matters of evidence, submits the question on the demurrer, of whether the facts stated in the answer, and admitted by the complaint and *529 demurrer, show that the action was not brought within six years after the right to bring it accrued. For this purpose a stipulation is handed in, that this action was begun February 21, 1876.
The question is the same as if, upon the trial, the facts admitted appeared in evidence, and no other facts, and the judgment of this court were asked thereon, as to the defense.
My opinion is that the statute begins to run when the plaintiff had the right to bring his action under the clause of section 8, viz.: “and no suit shall be brought against any stockholder in such corporation for any debt so contracted, until an execution shall have been returned unsatisfied, in whole or in part.”
There is no question in this case as to whether the plaintiff might have, under his right to issue an execution, of his own will, at any time within five years after judgment, brought his action upon the return of such execution unsatisfied. The statute requires that he shall have in fact issued the execution.' In this case he did so on February 11, 1868, and it was in fact ■ returned on March 1, 1870.
Now, what point of time was within the view of the statute ? The intent evidently was that the execution should exhaust the company’s property, in the first instance, so far as any possible legal use of the writ could be made by the sheriff. It could not have contemplated that the sheriff would fail in his legal duty to return the writ in sixty days, although it did not ignore the possibility of his not returning it then. And it must have intended that the plaintiff would, in his own interest, in case of the sheriff’s failure to return, have compelled a return; 1st, to definitely ascertain his rights against the property of the corporation ; 2d, as against a stockholder to get the right to begin an action under the statute now considered.
It could not have contemplated that the execution *530 might remain in the hands of the sheriff for a long period of time after the end of sixty days, through. which he would have no right to levy its amount upon property,. while the creditor took no proceeding to secure a return. It supposes that the creditor will, within a reasonable time, proceed to secure the return.
The extrinsic circumstance of an execution returned unsatisfied, is a prerequisite to a right to sue. But it does not follow from that, that the statute meant that the plaintiff might allow an execution, after he had seen fit to issue it, to remain unreturned indefinitely. On such a point, the opinion of Judge Duer is pertinent, in Lyle v. Murray (4 Sandf. 595). He said: “ Even where an agent, from the peculiar .circumstances of his agency, is only bound to pay upon demand, it by no means follows that until a demand no cause of action accrues, so that the statute does not begin to run. It by no means follows that the principal, by omitting to make the necessary demand, may suspend, the statute for an indefinite period. It is the duty, in all cases, of an agent who has collected money for his principal to give immediate notice of the fact, and when the principal has received such notice, he is bound to make the requisite demand within a reasonable time, and if he omits to do so, he puts the statute in motion, arid when he suffers the term which it limits to expire, is concluded by his laches. This exact question was determined by the supreme court in Stafford v. Richardson (15 Wend. 305).”
The application of the statute of limitations is made, in many cases, to depend upon the nature of the relations between the parties (Merritt v. Todd, 23 N. Y. 34 ; Payne v. Gardiner, 29 Id. 146; Wheeler v. Warner, 47 Id. 519).
I am therefore of the opinion that the time referred to in the statute, for the accruing of the action, is the return of the execution at the end of sixty days, or in *531 case of the sheriff’s failure to return it, then the return of it, as procured by prbceedings taken by creditor within a reasonable time after the failure of the sheriff to return. And that the statute begins to run, at the lapse of such reasonable time, without the creditor taking any proceedings to compel a return.
In this case, whether a reasonable time elapsed is a question of law. No fact is stated to explain the execution not being returned for two years after it was issued, and no reasons can be presumed for it. It must be held, that a reasonable time did elapse without proceedings being taken by plaintiff.
Judgment for defendant on demurrer.